UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PAUL VALLE,<br><br>      Plaintiff,<br><br>v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC.<br><br>      Defendant. | 7:19-cv-00373 |

**PLAINTIFF'S [1] JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order (Dkt. #6), the Plaintiff submit the following Joint Discovery/Case Management Plan Under 26(f) of the Federal Rules of Civil Procedure.

**1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party:**

The parties met and conferred on December 30, 2019.  Attorney Nathan C. Volheim represented the Plaintiff and attorney …………. represented the Defendant.  The parties conferred from their counsel's respective offices via telephone.

**2.     List the cases related to this one that are pending in any state of federal court with the case number and the court:**

None.

---

[1] Plaintiff submits this Initial Status Report without the participation of Defendant. On October 30, 2019, Defendant signed a wavier of summons, making its Answer due on or before, December 30, 2019. [Dkt. No. 8].  To date, Defendant has not filed a responsive pleading nor has counsel entered an appearance. On January 10, 2020, Plaintiff filed a Motion for Entry of Default.

3. **Briefly describe what this case is about:**

**Plaintiff's Position:** Plaintiff brings Count I of his First Amended Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* related to Defendant's debt collection activity. Count II of Plaintiff's complaint alleges that Defendant's conducted violated the Texas Debt Collection Act ("TDCA") under TEX. FIN. CODE § 392.001 *et seq.*

**Defendant's Position:**

4. **Specify the allegations of federal jurisdiction:**

Federal question jurisdiction is based on the FDCPA pursuant to 28 U.S.C. §§1331 and 1337.

5. **Name the parties who disagree and the reasons.**

None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted:**

None at this time.

7. **List anticipated interventions:**

None.

8. **Describe class action issues:**

Plaintiff does not allege class allegations at this time.

9. **State whether or not each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete disclosures:**

Neither party has yet made 26(a)(1) disclosures as of yet. The parties will make such disclosures by January 21, 2020.

10. **Describe the proposed agreed discovery plan, including:**

a. Responses to all the matters raised in Rule 26(f):  January 21, 2020.

b. When and to whom the plaintiff anticipates it may send interrogatories:  By February 17, 2020, Plaintiff will send interrogatories to Defendant.

c. When and to whom the defendant anticipates it may send interrogatories:  By February 17, 2020, Defendant will send interrogatories to Plaintiff.

d. Of whom and by when the plaintiff anticipates taking oral depositions:  By June 26, 2020, Plaintiff anticipates taking the Rule 30(b)(6) deposition of Defendant.

e. Of whom and by when the defendant anticipates taking oral depositions:  By June 26, 2020, Defendant anticipates taking the deposition of Plaintiff.

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports:  By May 1, 2020, Plaintiff will make disclosures and provide a report under Rule 26(a)(2)(B).  By May 15, 2020, Defendant will make disclosure and provide a report under Rule 26(a)(2)(B).

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report):  By June 26, 2020, Plaintiff anticipates taking any expert depositions.

h. List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report):  By June 26, 2020, Defendant anticipates taking any expert depositions.

i. The submission of a Joint Pretrial Order:  By September 25, 2020, the parties will submit a Joint Pretrial Order to the Court.

**11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party:**

N/A.

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date:**

None.

**13.     State the date the planned discovery can reasonably be completed:**

The parties anticipate completing all discovery by June 26, 2020.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting:**

Plaintiff is in favor of early resolution and has tendered a settlement demand to

Defendant in furtherance of the same.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution:**

The parties have engaged in and are continuing open dialogue about the merits of

Plaintiff's allegations.

**16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may effectively be used in this case:**

The parties are willing to participate in a settlement conference in front of the Magistrate

after written discovery has been exchanged in furtherance of settlement.

**17.     Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge:**

The parties agree to have all matter handled by the Magistrate Judge.

**18.     State whether a jury demand has been made and if it was made on time:**

Plaintiff made a timely jury demand in his First Amended Complaint.

**19.     Specify the number of hours it will take to present the evidence in this case:**

The parties do not anticipate any trial lasting beyond two days or 12 hours.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference:**

None.

**21.** **List other motions pending:**

None.

**22.** **Indicate other matter peculiar to this case, including discovery, that deserve the special attention of the Court at the conference:**

None.

**23.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

On October 29, 2020 Plaintiff filed his Disclosure of Interested Parties.

**24.** **List the names, bar numbers, addresses and telephone number of all counsel:**

Email: thatz@sulaimanlaw.com

For Plaintiff:

**Nathan Charles Volheim, #6302103** (Lead Attorney)
**Taxiarchis Hatzidimitriadis, #6309225**
**Alejandro Emmanuel Figueroa**
**Eric Donald Coleman**
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 50148
Phone: 630-575-8181
Fax: 630-575-8188
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com
Email: alejandrof@sulaimanlaw.com
Email: ecoleman@sulaimanlaw.com


For Defendant:

Dated: January 10, 2020

<u>s/ Nathan Volheim</u>
Nathan C. Volheim, #6302103
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: (630) 568-3056
Facsimile: (630) 575-8188
Email: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*